IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| THOMAS J. MCFARLAND, | * | |
| Debtor. | * | 1:15-cv-190 |
| THOMAS MCFARLAND, | * | Bankruptcy Case |
| Appellant, | * | No. 11-10218 |
| v. | * | |
| A. STEPHENSON WALLACE, Chapter 7 Trustee, | * | |
| Appellee. | * | |

# ORDER

This bankruptcy appeal asks the Court to determine whether Appellant-Debtor Thomas McFarland's annuity is part of his bankruptcy estate and whether *res judicata* bars McFarland from making this argument. The Bankruptcy Court ruled that *res judicata* barred McFarland's argument and, reaching the merits, that his annuity is property of the bankruptcy estate. The Court **AFFIRMS** the Bankruptcy Court on both grounds.

## I. BACKGROUND

Debtor-Appellant Thomas McFarland filed for Chapter 7 bankruptcy on February 2, 2011. (Bk. Doc. 1.) On February 15,

2011, he filed his schedules listing his assets, exclusions, and exemptions. (Bk. Doc. 10.) McFarland listed an annuity he purchased from The Hartford in 2006 as personal property on Schedule B and as an exempt asset on Schedule C. (Id. at 5, 8.) On subsequent amendments to Schedule C, McFarland continued to list the annuity as an exempt asset. (Bk. Doc. 47 at 2; Bk. Doc. 141 at 3; Bk. Doc. 256 at 6.)

The Trustee objected to McFarland's claimed exemption on the grounds that the annuity was not exempted by either O.C.G.A. § 18-4-22 or § 44-13-100(a)(2)(E). (Bk. Doc. 106 at 3.)[1] The Bankruptcy Court sustained the Trustee's objection and ruled that the annuity was not exempt. McFarland v. Wallace, 500 B.R. 279, 287 (Bankr. S.D. Ga. 2014). McFarland appealed, and this Court and the Eleventh Circuit affirmed the Bankruptcy Court's ruling. McFarland v. Wallace, 516 B.R. 665 (S.D. Ga. 2014), aff'd, 790 F.3d 1182 (11th Cir. 2015).

After the Eleventh Circuit's opinion and order, the Trustee filed a motion to compel McFarland to turn over the annuity. (Bk. Doc. 346.) McFarland responded by arguing that the annuity was not property of the estate under 11 U.S.C. § 541(c). (Bk. Doc. 349.) After a hearing on this issue, the Bankruptcy Court ruled that *res judicata* barred McFarland's argument because he

---

[1] The Trustee also objected to other claimed exemptions which are not relevant to this appeal.

could have raised it when he previously argued that his annuity was exempt from bankruptcy. (Hearing Transcript, Doc. 5, Bk. Doc. 401 at 22-23; Order, Bk. Doc. 351.) The Court also reached the merits of McFarland's argument and determined that his annuity was not a "trust" as used in § 541(c)(2) and, therefore, was property of the estate. (Hearing Transcript, Doc. 5, Bk. Doc. 401 at 23-24, Bk. Doc. 351.) McFarland moved for reconsideration, and the Bankruptcy Court substituted a new opinion and order that reached the same conclusions on these issues. (Bk. Doc. 356, 418.) He now appeals the Bankruptcy Court's Orders finding that the annuity was not a "trust" under § 541(c)(2) and finding this issue barred by *res judicata*. (Notice of Appeal, Doc. 1; Appellant's Br., Doc. 10.)

## II. STANDARD OF REVIEW

On appeal, the Court reviews the bankruptcy court's factual findings for clear error, and its legal conclusions *de novo*. In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009).

## III. DISCUSSION

### A. Res Judicata

The Bankruptcy Court found that *res judicata* barred McFarland from arguing that his annuity was not property of the bankruptcy estate. (Bk. Docs. 351, 418.) The Bankruptcy Court reasoned that McFarland should have raised this argument when he

first asserted that the annuity was exempt from bankruptcy. (Bk. Doc. 418 at 8-10.)

In the Eleventh Circuit, *res judicata* possesses the following elements:

> (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

<u>In re Piper Aircraft Corp.</u>, 244 F.3d 1289, 1296 (11th Cir. 2001). If those four elements are met, courts then determine whether the claim advanced in the second case could have been brought in the prior case. <u>Id.</u> If so, *res judicata* bars the claim or argument.

McFarland's brief, which does not cite any authority on the *res judicata* issue, is not a model of clarity. McFarland only takes issue with whether the "property of the estate issue," as he characterizes it, could or should have been argued by him during the proceedings concerning the McFarland's claim that the annuity was exempt property. At first, McFarland appears to contend that *res judicata* would only apply "[i]f the § 541 issue had actually been determined by the Trustee's objection to the Debtor's claim of exemption, . . . ." (Appellant's Br., Doc. 10 at 17.) He points out that only the exemption question was previously litigated in the bankruptcy, district, and appellate

4

courts and that the "property of the estate" or exclusion issue was never addressed. This argument misses the mark. In fact, the preclusion of claims which were not "actually litigated" in a prior proceeding is *res judicata*'s *raison d'être*. *Res judicata* requires parties to assert claims that arise out of the same transaction or series of transactions together to, among other things, avoid piece-meal litigation and promote judicial efficiency. Allen v. McCurry, 449 U.S. 90, 94 (1980).[2]

Later, McFarland argues that he raised the exclusion issue at the first possible opportunity. This argument implicitly invokes *res judicata*'s requirement that the claim or issue "could have been brought" during the prior proceeding. In conclusory fashion, he suggests that the first possible time for him to raise this issue was in response to the Trustee's motion to compel.

As the Bankruptcy Court noted, "from the 2011 petition date through the Eleventh Circuit's order. [McFarland] has always argued the Annuity is exempt pursuant to O.C.G.A. § 18-4-22 and § 44-13-100(a)(2)(E)." (Order, Bk. Doc. 418 at 10; see Bk. Docs. 10, 47, 126, 141, 256.) It was only after the Eleventh Circuit affirmed the Bankruptcy Court's Orders concerning

---

[2] Whether an issue was "actually litigated" in a prior proceeding is, of course, an element of collateral estoppel. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n.5 (1979).

exemptions, and the Trustee moved to compel the turnover of the annuity, that McFarland asserted that the annuity should be excluded from property of the estate under 11 U.S.C. § 541(c)(2). (Bk. Doc. 349).

Courts have held that *res judicata* bars debtors from repeatedly amending their schedules to assert new theories for why a particular asset is exempt from bankruptcy. See In re Gress, 517 B.R. 543, 548-49 (Bankr. M.D. Pa. 2014); In re Wilson, 446 B.R. 555, 563 (Bankr. M.D. Fla. 2011). At least one court has held that the same principles bar newly asserted exclusion claims. See In re Miller, 153 B.R. 269 (1993). Miller is strikingly similar to the present case. In Miller, the debtors first attempted to assert that their interests in 401k pension funds were exempt from bankruptcy under 11 U.S.C. § 522(d)(10(E) or Minn. Stat. § 550.37, Subd. 24, which each concern exemptions reasonably necessary for the support of the debtor and any of the debtors' dependents. Miller, 153 B.R. at 271-72. After the Supreme Court's decision in Patterson v. Shumate, 504 U.S. 753 (1992), the debtors asserted for the first time that their interest in the pension fund was not property of the estate under 11 U.S.C. § 541(c)(2). The bankruptcy court found that the prior proceeding asserting exemptions and the second proceeding asserting a theory of exclusion concerned "claims of entitlement to the pension plans." Miller, 153 B.R. at 275. "Essentially," the bankruptcy court explained, "§ 522

and § 541 can be viewed as the basis for variant forms of relief asserted by the Debtors and the Trustee as to their competing claims of entitlement to the pension plan funds." Id. The bankruptcy court concluded that "both the exemption and exclusion actions arise out of the same nucleus of operative facts because they involve a determination of entitlement to the vested pensions at filing between the Debtors and their estates." Id.

The Court is persuaded that Miller's application of *res judicata* to proceedings asserting exemptions and exclusions is sound. Here, McFarland could have asserted his claim that § 541(c)(2) excluded the annuity from the property of the bankruptcy estate when he previously claimed that the annuity was exempt from bankruptcy. The Court, therefore, **AFFIRMS** the Bankruptcy Court on *res judicata* grounds.

**B. Property Excludable Under 11 U.S.C. § 542(c)**

Even if McFarland's argument is not barred by *res judicata*, the Court affirms the Bankruptcy Court's ruling that the annuity constitutes property of the estate. McFarland argues that the proceeds from his annuity are excluded from the property of the bankruptcy estate by 11 U.S.C. § 541(c)(2). Section 541(c) provides:

7

(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law-

    (A) that restricts or conditions transfer of such interest by the debtor; or

    (B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541(c).

McFarland's arguments are similar to those put forward in In re: Mohr, 1:15-cv-184, 2016 WL 2869787 (S.D. Ga. May 16,

2016). He contends that O.C.G.A. § 33-28-7[3] restricts the transfer of the proceeds of his annuity and thereby creates a trust under 11 U.S.C. § 541(c)(2). Appellant bases his argument on In re Meehan, 102 F.3d 1209 (11th Cir. 1997). In his view, Meehan held that a statute that restricts the transfer of an asset is sufficient to create a trust for purposes of § 541(c)(2). He reasons that the statute at issue here, O.C.G.A. § 33-28-7, created such a trust.

But just as in Mohr, Appellant has confused whether there is a trust and whether there is a valid restriction on the transfer of an asset. Meehan addressed the latter question and "held that the restriction on transfer can be contained in a statute and does not need to be in the trust document." Mohr, 2016 WL 2869787, at *3 (citing Meehan, 102 F.3d at 1212). In so holding, the Eleventh Circuit assumed the IRA at issue was a trust either because the parties stipulated that it was or because the Internal Revenue Code defines an IRA as a trust.

---

[3] O.C.G.A. § 33-28-7 provides:

> The proceeds of annuity, reversionary annuity, or pure endowment contracts issued to citizens or residents of this state, upon whatever form, shall not in any case be liable to attachment, garnishment, or legal process in favor of any creditor of the person who is the beneficiary of such annuity contract unless the annuity contract was assigned to or was effected for the benefit of such creditor or unless the purchase, sale, or transfer of the policy is made with the intent to defraud creditors.

9

Meehan, 102 F.3d at 1211, n.4 (citing 26 U.S.C. § 408(a)). For McFarland's counsel's benefit, footnote four is worth citing in full:

> Apparently only beneficial interests in trusts qualify for the § 541(c)(2) exclusion . 11 U.S.C.A. § 541(c)(2) (referring to "[a] restriction on the transfer of a beneficial interest of the debtor in a trust"). No argument is made that Meehan's IRA is not a trust. Moreover, by definition, an IRA is a trust. 26 U.S.C.A. § 408(a) ("[T]he term 'individual retirement account' means a trust....").

Id.[4] Meehan, therefore, provides no support for McFarland's argument that a statutory restriction on transfer is sufficient to create a trust under § 541(c)(2).

Moreover, as this Court explained in Mohr, § 541(c) is clear that a transfer restriction does not create a "trust" under § 541(c)(2). In general, "transfer restrictions are not enforceable in bankruptcy proceedings." Mohr, 2016 WL 2869787, at *3; see 11 U.S.C. § 541(c)(1)(A). Contrary to that general rule, § 541(c)(2) enforces restrictions on transferring a

---

[4] See In re Allen, No. 10-50827, 2010 WL 395871, at *6, n.13 (Bankr. M.D. Ga. Oct. 4, 2010) (noting this assumption). The Supreme Court appears to have made the same assumption in Patterson v. Shumate, 504 U.S. 753, 759 (1992) (citing 26 U.S.C. § 401(a)(13)(A)). The Court finds it noteworthy that McFarland's counsel has made no effort to address footnote four in Meehan, which indicates it was litigated on the assumption that IRAs are trusts. The Court finds this particularly curious since McFarland's counsel was also appellant-debtor's counsel in Mohr and is therefore aware that the assumption was important to the Court's determination that Meehan did not apply.

debtor's beneficial interest *in a trust*. See Collier on Bankruptcy ¶ 541.27 (16th ed. 2010) ("[t]he one express exception to the general rule that every [restriction on transfer] is invalid is stated in [11 U.S.C. § 541(c)(2)], which preserves restrictions on the transfer of a beneficial interest of the debtor in a trust"). In short, a prerequisite to the exclusion of an asset under § 541(c)(2) is that the asset is a trust.

The Court now turns to whether McFarland's annuity is a trust. The Revised Georgia Trust Code of 2010 defines a "trust" as "an express trust or an implied trust but shall not include trusts created by statute or the Constitution of Georgia." O.C.G.A. § 53-12-2(13). An express trust requires "(1) An intention by a settlor to create such a trust, (2) Trust property, (3) . . . a beneficiary who is reasonably ascertainable at the time of the creation of such a trust or reasonably ascertainable within the rule against perpetuities; (4) A trustee; and (5) Trustee duties specified in writing or provided by law." O.C.G.A. § 53-12-20. An implied trust is either a resulting trust or a constructive trust. O.C.G.A. § 53-12-2(5). Georgia courts have long described a trust as

>           an equitable obligation either express or
>           implied resting upon a person by reason of a
>           confidence reposed in him, to apply or deal
>           with property for the benefit of some other
>           person or for the benefit of himself and
>           another or others according to such
>           confidence.

Peach Consol. Props., LLC v. Carter, 628 S.E.2d 680, 682 (Ga. Ct. App. 2006) (quoting Smith v. Francis, 144 S.E.2d 439, 444 (Ga. 1965) (quoting McCreary v. Gewinner, 29 S.E. 960, 963 (Ga. 1898))); see also *Trust*, Black's Law Dictionary (10th ed. 2014) ("A fiduciary relationship regarding property and charging the person with title to the property with equitable duties to deal with it for another's benefit.").

By contrast, the Georgia Insurance Code defines an "annuity" as "a contract by which one party in return for a stipulated payment or payments promises to pay periodic installments for a stated certain period of time or for the life or lives of the person or persons specified in the contract." O.C.G.A. § 33-28-1(1). Further, "[t]he relationship of an insurer and an annuitant is not a fiduciary one." In re Allen, No. 10-50827, 2010 WL 3958171, at *6 (Bankr. M.D. Ga. Oct. 4, 2010) (citing 3B C.J.S. Annuities § 34 (2010)); see also Chatham Cty. Hosp. Auth. v. John Hancock Mutual Life Ins. Co., 325 F. Supp. 614, 619-20 (S.D.Ga.1971). ("Annuity agreements create only the relation of debtor and creditor, not a trust.")

McFarland argues that annuity documents satisfy the elements of a trust because "the Debtor (the settlor intended to

create a trust, a trust property is identified (funds invested in the Annuity), the beneficiary was readily ascertainable, the Annuity company was the trustee, and the Annuity document specified in writing the duties of the Trustee." (Appellant's Br., Doc. 10 at 16.) The annuity contract itself belies his argument. (Doc. 11, Ex. D). The Court, therefore, concludes that McFarland's annuity is a typical contract forming a debtor-creditor relationship and not a trust.

In sum, to be excluded from the bankruptcy estate, § 541(c)(2) requires that the property at issue be "a beneficial interest of the debtor in a trust." 11 U.S.C. § 541(c)(2). The Court agrees with McFarland that O.C.G.A. § 33-28-7 is a nonbankruptcy law that restricts the transfer of the proceeds of an annuity. But that section of Georgia's code does not create a trust. Because McFarland's annuity is not a trust, § 541(c)(2) does not apply, and it is property of the bankruptcy estate under 11 U.S.C. § 541(a)(1).

### C. The Trustee's Motion for Sanctions

On August 11, 2015, the Trustee filed a motion to dismiss McFarland's appeal as frivolous and for sanctions against McFarland. (Doc. 14.) The Court **DENIES** the Trustee's motion to dismiss as **MOOT**. As for the Trustee's request for sanctions, the Court's review of the record reveals that this bankruptcy case has been particularly complex and contentious. As the

court more familiar with the details of the proceedings below, the Bankruptcy Court is better positioned to determine whether sanctions are warranted. Accordingly, the Court **DENIES** the Trustee's motion for sanctions.

### IV. CONCLUSION

As discussed above, the Court **AFFIRMS** the Bankruptcy Court's Orders on *res judicata* grounds and on the merits of McFarland's exclusion argument. The Court also **DENIES** the Trustee's motion for sanctions. (Doc. 14.) The Clerk shall terminate all deadlines and motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

14